UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-9398 |
| | ) |
| TRINITY SERVICES, INC.; | ) Judge John W. Darrah |
| ELLIS CRAFT; ERICA POZZIN; | ) |
| STEPHANIE PERKINS; and | ) |
| JENNIFER HODGES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roderick Sims, proceeding *pro se*, has filed a seven-count Complaint against Defendant Trinity Services, Inc. ("Trinity") and individual Defendants, Ellis Craft, Erica Pozzin, Stephanie Perkins, and Jennifer Hodges[1] (collectively, the "Individual Defendants"), which alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 (Counts I and II, respectively); sexual discrimination in violation of 42 U.S.C. § 2000e *et seq*. (Count III); age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq*. (Count IV); discrimination in job promotion (Count V); retaliation (Count VI); and intentional infliction of emotional distress (Count VII).

Trinity has moved in part, and Craft and Hodges have moved in total, to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons presented below, Defendants' Motion to Dismiss is granted.

---

[1] As of the date of this ruling, Plaintiff has not served either Pozzin or Perkins.

**BACKGROUND**

The following facts are taken from the Complaint, which are assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff Roderick Sims is a resident of Chicago, of African ancestry, and over 40 years of age. Trinity is a non-profit organization, "offering various services to people with disabilities and mental illness." (*Id.* at 3.) Plaintiff was employed by Trinity as an "Independent Living Counselor" from November 29, 2011 until he was fired on May 8, 2012. (Compl. ¶ 4.) Plaintiff worked at the Trinity facility known as "Mozart House" located in Chicago. (*Id.* ¶ 10.) Craft, Pozzin, Perkins, and Hodges are all employees of Trinity.

On April 14, 2012, Plaintiff requested the use of a company vehicle to pick up free tickets to Great America Amusement Park, and the request was approved. (*Id.* ¶ 19.) On May 8, 2012, Plaintiff requested permission to use the company van to drive to Des Plaines, Illinois to attend a service plan meeting concerning a client; this was also approved. (*Id.* ¶ 20.) While also attending the meeting in Des Plaines, Illinois, Plaintiff "apprised Stephanie Perkins that [he] would drop off Tawio Jenkins and then proceed to a hospital in Chicago, Illinois, to see a relative." (*Id.* ¶ 21.) Perkins gave her approval. (*Id.*)

On May 8, 2012, Plaintiff was terminated, purportedly for unauthorized use of the company van. (*Id.* at ¶ 4.) According to Plaintiff, other staff members, such as Giovany Rogue, used company vehicles for personal use and would not be subjected to any kind of disciplinary measure or employment termination. (*Id.* ¶ 18.)

Plaintiff was the only African-American male, age 40 and over, working at the Mozart House, and there were no African-Americans within the upper management rank at Mozart House and/or Trinity's principal office. (*Id*. ¶¶ 23, 26.) Plaintiff was informed at his hiring date that he would be a perfect candidate for a House Manager position if a spot were open; however, since his hiring date, two people were hired for management positions, and neither is of African ancestry. (*Id*. ¶ 24-25.)

On numerous occasions, Plaintiff had to warn other employees of Trinity to stop touching and rubbing against him, and when he reported the inappropriate conduct to the supervisors, nothing was done about it. (*Id*. ¶ 27.) Plaintiff claims that Yoshi Trinidad, a Trinity employee, "touched my hair, rubbed against me, and repeatedly tried to hug me," and on one occasion, Plaintiff observed Trinidad pulling down his pants and sticking his buttocks in the face of a client of Trinity. (*Id*. ¶ 28.) Nothing was done after the instances were reported to management. (*Id*.) Plaintiff also claims that Trinidad also sent him an inappropriate text message, and, although Plaintiff forwarded the text message to management, the harassment and unwanted messaging continued. (*Id*. ¶ 29.) Plaintiff also made a police report regarding an alleged harassing phone call he received from Trinidad. (*Id*. ¶ 30.) Plaintiff states that prior to his wrongful termination, he also reported incidents of physical and sexual abuse of Trinity clients by other Trinity clients to their family members. (*Id*. ¶ 31.)

On May 31, 2012, the Equal Employment Opportunity Commission filed a charge of discrimination premised upon race, sex, age, retaliation, and, on August, 24, 2012, the Plaintiff was issued a letter of Notice of Right to Sue. (*Id*. ¶ 13-14.)

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the Defendant fair notice of what the claim is and the grounds upon which it rests"; and (2) "its allegations must plausibly suggest that the Plaintiff has a right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citation and internal quotation marks omitted). If the complaint does not meet this standard of review, "the plaintiff pleads itself out of court." *Tamayo*, 526 F.3d at 1084. Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). A *pro se* complaint is liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). However, this is inapplicable to legal conclusions; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## ANALYSIS

*Plaintiff's Dismissal of Counts VII as to all Defendants and
Counts I, III, IV, V and VI as to the Individual Defendants*

In his Complaint, Plaintiff fails to specify which Counts apply to which Defendants. In his Response, Plaintiff concedes that only Count II is directed at the Individual Defendants. He also concedes that Count VII is preempted by federal law. Consequently, Counts I, III, IV, V, and VI are dismissed with prejudice with respect to the Individual Defendants. Count VII is dismissed with prejudice with respect to all Defendants.

*The 42 U.S.C. § 1981 Claim Against the Individual Defendants*

Plaintiff's Count II against the Individual Defendants, which asserts a claim under 42 U.S.C. § 1981 for race discrimination, will be addressed first. 42 U.S.C. § 1981 addresses racial discrimination in contractual relationships and provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .
>
> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a)-(c); *see also Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). In order to state a claim under § 1981, the plaintiff must sufficiently allege the following: (1) he is a racial minority; (2) the defendant possessed an intent to discriminate on the basis of race; and (3) the discrimination "concerned one or more of

the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris*, 89 F.3d at 413 (internal citations omitted). Furthermore, with respect to individual defendants, a plaintiff must allege "personal involvement to state a § 1981 claim." *Nance v. Rothwell et al.*, No. 09-c-7733, 2011 WL 1770306, at *9 (N.D. Ill. May 09, 2011) (citing *Behnia v. Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997) ("Individual liability under section 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff.")).

In this case, Plaintiff has failed to sufficiently allege that the Individual Defendants possessed an intent to discriminate against Plaintiff on the basis of race. *See Morris*, 89 F.3d at 413. Likewise, Plaintiff has failed to allege that the Individual Defendants personally participated in the discrimination against him. *See Behnia v. Shapiro*, 961 F. Supp. at 1237. Specifically, allegations regarding Craft appear in the Plaintiff's Complaint on only two occasions, and, in those instances, there is no suggestion that Craft discriminated against Plaintiff on the basis of race. Likewise, Hodges is mentioned in one paragraph explaining her employment with Trinity. (Compl. ¶ 8.) The Complaint states that Jennifer Hodges is "an employee of Trinity Services Incorporated . . . She is being sued in her individual capacity." (*Id.*) Instead, Plaintiff makes a blanket and conclusory statement in Count II that "Individual defendants having the intent . . . to engage in discrimination on the basis of race . . . [made] a conscious decision to unlawfully terminate" Plaintiff. This conclusory statement is not sufficient to survive a Rule 12(b)(6) motion.

As mentioned above, Plaintiff has failed to serve the other Defendants, Pozzin and Perkins; therefore, only the Motion to Dismiss by Trinity and Craft and Hodges are

before the Court. However, a court may *sua sponte* dismiss a plaintiff's claim under Rule 12(b)(6) "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading [and] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (internal citations omitted). As with Craft and Hodges, Plaintiff failed to allege either an intent to discriminate on the basis of race or personal involvement in discrimination by either Pozzin or Perkins. Plaintiff has failed to state a 42 U.S.C. § 1981 claim against Pozzin and Perkins as well.

Consequently, Count II is dismissed without prejudice with respect to Individual Defendants Craft, Hodges, Pozzin, and Perkins for failure to state a claim.

*The Retaliation Claim Directed against Trinity*

In Count VI, Plaintiff avers that Trinity fired him in retaliation for informing parents and guardians of physical and sexual abuse suffered by clients of Trinity. Trinity argues that this Count should be dismissed for failure to state a claim.

The retaliatory discharge tort carves a "limited and narrow" exception to the general rule of at-will employment in Illinois. *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 374 (Ill. 2009). To state a retaliation claim under Illinois law, the plaintiff must allege: (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge "violates a clear mandate of public policy." *Id*. at 374; *see also Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009); *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 628 (7th Cir. 2009). "Illinois courts have identified two situations in which the 'clear mandate of public policy' standard is met: (1) when an employee is fired for asserting a workers' compensation claim; and (2) when an employee is fired for

7

refusing to engage in illegal conduct or reporting the illegal conduct of others ('whistle blowin' or 'citizen crime fighting')." *Brandon v. Anesthesia & Pain Mgmt. Assoc., Ltd.*, 277 F.3d 936, 941 (7th Cir. 2002) (internal citations omitted).

In this case, Plaintiff does not assert a workers' compensation claim, so his claim must be of the "whistle blowing" or "citizen crime fighting" type. However, Plaintiff reported the alleged conduct to the families or guardians of the alleged victims; he did not report the alleged conduct to Trinity or governmental authorities. (Compl. at 10-11.) Furthermore, Plaintiff has not alleged that Trinity had sexually abused or even tolerated the sexual abuse of the individuals for which it cares. (*Id*. at 11.) Plaintiff merely alleges that certain individuals were abused by some Trinity clients and that he told these individuals' parents of the abuse. (*Id.* ¶¶ 31,50.) Plaintiff does not allege that he made an effort to prevent or rectify the abuse by reporting the matter to Trinity or Illinois state government officials.

Additionally, to properly plead a retaliatory discharge claim, a plaintiff must articulate the relevant public policy with specificity. In *Turner*, the Supreme Court of Illinois emphasized that "[a] broad, general statement of policy is inadequate to justify finding an exception to the general rule of at-will employment," and that "unless an employee at will identifies a 'specific' expression of public policy, the employee may be discharged with or without cause." 911 N.E.2d at 375-76 (internal citations omitted). A plaintiff may not merely cite a constitutional or statutory provision, but rather, must show that "the discharge violated the public policy that the cited provision clearly mandates." *Turner*, 911 N.E.2d at 377.

Here, Plaintiff makes no effort to identify the public policy under which his theory of retaliatory discharge lies. He cites no rule, statute, or constitutional provision that his discharge violated. *See Turner*, 911 N.E.2d at 377. Accordingly, his claim is too vague and indefinite to be sustained. Even after applying the liberal standard afforded to *pro se* plaintiffs, discussed above, Plaintiff has failed to state a retaliation claim against Trinity. Therefore, Count VI is dismissed without prejudice as to Trinity.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss [17] is granted. Count VII is dismissed with prejudice as to all Defendants. Counts I, III, IV, V, and VI are dismissed with prejudice as to the Individual Defendants Hodges, Craft, Pozzin and Perkins. Count II is dismissed without prejudice as to the Individual Defendants Hodges and Craft; and *sua sponte*, Count II is dismissed without prejudice against the Individual Defendants Pozzin and Perkins. Count VI is dismissed without prejudice against Trinity. Counts I through V remain against Defendant Trinity. Plaintiff is granted leave to file an Amended Complaint within thirty days of this Order.

Date: June 26, 2013

JOHN W. DARRAH
United States District Court Judge